# NO. 12-16-00143-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANN CATHERINE REESE,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ann Catherine Reese appeals her conviction for driving while intoxicated. In one issue, she argues that the trial court erred in overruling her ***Batson*** challenge. We affirm.

## BACKGROUND

Appellant was charged by information with driving while intoxicated and pleaded "guilty." The matter proceeded to a jury trial on punishment. During voir dire proceedings, the State sought to exercise one of its peremptory strikes against Venire Member Number 10, who is African American. Appellant objected to this strike pursuant to ***Batson v. Kentucky***.[1] The State responded that it had exercised its strike against this venire member because (1) based on his response to one of Appellant's voir dire questions, the State felt "he would go easier on punishment for a first time [offender]" and (2) when Venire Member Number 8 was discussing how the district attorney's office "coerces pleas[,]" Venire Member Number 10 was "nodding along in agreement." Appellant's counsel responded that he had not observed the venire member's nodding in agreement with the other panel member's statement, and the trial court overruled Appellant's ***Batson*** challenge. Ultimately, the jury assessed Appellant's punishment

---

[1] 476 U.S. 79, 86, 106 S. Ct. 1712, 1717, 90 L. Ed. 2d 69 (1986); *see also* TEX. CODE CRIM. PROC. ANN. art. 35.26 (West 2006).

at confinement for ninety days.  The trial court sentenced Appellant accordingly, and this appeal followed.

### *BATSON* CHALLENGE

In her sole issue, Appellant argues that the trial court erred in denying her *Batson* challenge because the State improperly exercised a preemptory strike against an African American venire member.

**Standard of Review and Governing Law**

The use of a peremptory challenge to strike a potential juror because of race violates the equal protection guarantee of the United States Constitution and Article 35.261 of the Texas Code of Criminal Procedure.  *See Batson*, 476 U.S. at 86, 106 S. Ct. at 1717; *see also* TEX. CODE CRIM. PROC. ANN. art. 35.261 (West 2006).  In the face of perceived purposeful discrimination, a party may request a *Batson* hearing.  *See* TEX. CODE CRIM. PROC. ANN. art. 35.261.

*Batson* provides a three step process for a trial court to use in adjudicating a claim that a peremptory challenge was based on race.  *Snyder v. Louisiana*, 552 U.S. 472, 476–77, 128 S. Ct. 1203, 1207, 170 L. Ed. 2d 175 (2008); *Watkins v. State*, 245 S.W.3d 444, 447 (Tex. Crim. App. 2008).  The opponent of a peremptory challenge first must make a prima facie case that the peremptory challenge was exercised on the basis of race.  *Snyder*, 552 U.S. at 476, 128 S. Ct. at 1207; *Watkins*, 245 S.W.3d at 447.  If that showing has been made, the burden of production shifts to the proponent of the strike to offer a race-neutral basis for striking the juror in question. *Snyder*, 552 U.S. at 476–77, 128 S. Ct. at 1207; *Watkins*, 245 S.W.3d at 447.  The issue in step two is the facial validity of the prosecutor's explanation, and "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Purkett v. Elem*, 514 U.S. 765, 768, 115 S. Ct. 1769, 1771, 131 L. Ed. 2d 834 (1995); *see also Williams v. State*, 301 S.W.3d 675, 689 (Tex. Crim. App. 2009).  In the third and final step, the trial court must determine whether the opponent of the strike has carried his burden to prove purposeful discrimination.  *Snyder*, 552 U.S. at 477, 128 S. Ct. at 1207; *Young v. State*, 283 S.W.3d 854, 866 (Tex. Crim. App. 2009).  Throughout the challenge, the burden of persuasion remains with the defendant, who may continue to rebut the prosecutor's explanations before the trial court decides the *Batson* challenge.  *Moore v. State*, 265 S.W.3d 73, 78 (Tex. App.–Houston [1st Dist.] 2008, no pet.).

Where the State has offered a race neutral explanation for the strikes, the defendant must prove that the prosecutor's reasons were merely a sham or pretext. *Watkins*, 245 S.W.3d at 447. "The ultimate plausibility of that race-neutral explanation is to be considered as part of the third step of the analysis, in which the trial court determines whether the opponent of the strike (usually the defendant) has satisfied his burden of persuasion to establish by a preponderance of the evidence that the strike was indeed the product of the proponent's purposeful discrimination." *Id.* Whether the opponent satisfies his burden of persuasion to show that the proponent's facially race neutral explanation for his strike is pretextual, not genuine, is a question of fact for the trial court to resolve in the first instance. *Id.*

## Analysis

In the instant case, Appellant objected to the State's preemptory strike of Venire Member Number 10, who is African American, and who Appellant asserted was one of three minority panel members within the strike zone. Without expressly finding that Appellant had made a prima facie case that the strike was race based, the trial court asked the State to respond. In response, the State asserted that it struck this venire member because (1) based on his response to one of Appellant's voir dire questions, the State felt "he would go easier on punishment for a first time [offender]" and (2) when Venire Member Number 8 was discussing how the district attorney's office "coerces pleas[,]" Venire Member Number 10 was "nodding along in agreement." Appellant offered nothing further in rebuttal to the State's explanation, and the trial court overruled her ***Batson*** challenge.

No discriminatory intent is inherent in the State's explanation of its reasoning for the preemptory strike in question. As a result, we deem the reason offered race-neutral. *See* ***Purkett***, 514 U.S. at 768, 115 S. Ct. at 1771; *see also* ***Williams***, 301 S.W.3d at 689. Moreover, based on our review of the record, we note that there is support for the State's first explanation for its striking this venire member. Specifically, during voir dire, the following exchange took place between Appellant and Venire Member Number 10:

> [Appellant's Counsel]: [I]f your children did something you didn't approve of, what kind of things would you look for?
>
> [Venire Member Number 10]: What would I do, I would punish them.
>
> . . . .

And the - - you know, the first time[,] I would punish them, you know, stay in your room a week or two or whatever. Don't go nowhere around the house.

. . . .

So that's the way I feel about it.

On this case like here, that's her first time?

[Appellant's Counsel]: It could be. I - - I can't tell you specifically right now.

[Venire Member Number 10]: You have to punish your kids - -

. . . .

- - when they do wrong. If a parent tells them something and then they don't do it, then they need punishing.

. . . .

[Appellant's Counsel]: Would you punish each child identical, or would it depend on what they did, how they felt about it or how they reacted?

[Venire Member Number 10]: That's right.

. . . .

I wouldn't punish all of them one time, no.

Furthermore, it is apparent from the record that Appellant's counsel conceded that he had not observed Venire Member Number 10 nodding in agreement with another venire member's statement concerning the district attorney's office's alleged practice of "coercing pleas" by threatening defendants with long sentences.[2]

Therefore, based on our review of the record, we hold that Appellant failed to satisfy her burden of persuasion to establish by a preponderance of the evidence that the State's peremptory strike in question was the product of the State's "purposeful discrimination." *See Watkins*, 245 S.W.3d at 447. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

---

[2] It is not apparent from the record which venire member, by number, made this statement about coercive pleas.

4

**GREG NEELEY**
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2017

### NO. 12-16-00143-CR

**ANN CATHERINE REESE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 001-82765-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*